UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUPERMEDIA INC., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:12-CV-2034-G |
| LINTON BELL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the defendants' emergency motion to stay or suspend case

(docket entry 26). For the reasons stated below, the motion is denied.

I. BACKGROUND

On November 25, 2009, Phillip A. Murphy, Sandra R. Noe, and Claire M.

Palmer, individually and as representatives of a putative class of similarly situated

individuals, filed an action in this court against various Verizon and SuperMedia

(then Idearc, Inc.) corporate entities, alleging several violations of the Employee

Retirement Income Security Act of 1974 ("ERISA") (the "*Murphy* action"). Multiple

summary judgment motions in that action are now pending. On June 26, 2012,

SuperMedia Inc., SuperMedia LLC, SuperMedia Services Inc., SuperMedia Sales Inc., SuperMedia Employee Benefits Committee, and Idearc Inceptor Ltd. (collectively, "SuperMedia") filed a class action complaint in the instant case against Carol Foy, Stanley Russo, Communication Workers of America, AFL-CIO, Local 1301, and Communication Workers of America, AFL-CIO, Local 1302 (the "defendants")[1] seeking a judgment declaring SuperMedia's right to modify, amend, or terminate its health and welfare benefits plans for retirees (the "*SuperMedia* action"). *See* Plaintiffs SuperMedia Inc.'s, SuperMedia LLC's, SuperMedia Services Inc.'s, SuperMedia Sales Inc.'s, SuperMedia Employee Benefits Committee's, and Idearc Inceptor Ltd.'s Original Class Action Complaint for Declaratory Judgment (docket entry 1).  Multiple motions to dismiss that action are now pending.  On July 10, 2012, the court consolidated the *Murphy* and the *SuperMedia* actions.  *See* Order of July 10, 2012 (docket entry 8).  The court vacated that consolidation order on August 3, 2012, however, because the cases were at such different procedural stages. *See* Order of August 3, 2012 (docket entry 11).  On August 10, 2012, the defendants filed the instant motion to stay or suspend proceedings in the *SuperMedia* action.  *See* Emergency Motion to Stay or Suspend Case ("Motion") (docket entry 26).

---

[1]     Other defendants were joined when the plaintiffs filed an amended complaint on August 2, 2012.

## II.  ANALYSIS

### A.  Legal Standard[2]

The court has discretion to stay its proceedings for the purpose of judicial

economy and in its own interests and the interests of the litigants before it.  See

*Landis v. North American Company*, 299 U.S. 248, 254-55 (1936).  This discretion is

broad, though not "unbounded."  See *Wedgeworth v. Fibreboard Corporation*, 706 F.2d

541, 545 (5th Cir. 1983).  The court must weigh the interests of the parties in

determining whether to stay proceedings.  See, *e.g.*, *Dominguez v. Hartford Financial*

*Services Group, Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008), citing *Landis*, 299

U.S. at 254-55.  Where a stay is sought because of parallel pending federal court

actions, "the general principle is to avoid duplicative litigation," see *Colorado River*

*Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), with the

relevant factors being "equitable in nature."  See *Kerotest Manufacturing Corporation v.*

*C-O-Two Fire Equipment Company*, 342 U.S. 180, 183 (1952).  In addition, "[t]he

suppliant for a stay must make out a clear case of hardship or inequity in being

required to go forward, if there is even a fair possibility that the stay for which he

prays will work damage to someone else."  See *Wedgeworth*, 706 F.2d at 545 (quoting

---

[2]        The defendants argue, as an initial matter, that the case should be
stayed, for good cause, under Fed. R. Civ. P. 6(b).  Motion ¶ 2.  The court concludes
that Rule 6(b) is an inappropriate vehicle for obtaining a general stay or suspension of
proceedings, as the text of the rule is clearly directed toward extensions of time for
any singular "act" that "may or must be done within a specified time."

*Landis*, 299 U.S. at 255).  This court considers it appropriate to look to the following equitable factors as it seeks to balance the parties' interests:  (1) the extent to which the issues in the first case overlap with those presented in the current case; (2) the status of the first case; (3) the private interests of the plaintiffs (in the case sought to be stayed) in proceeding expeditiously, weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and burden on the defendants (in the case sought to be stayed); (5) the interests of the courts; and (6) the public interest.[3] See *Securities and Exchange Commission v. Mutuals.com, Inc.*, 2004 WL 1629929 at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.).

## B.  Application

In this case, the defendants have failed to make out the "clear case of hardship", in the language of *Landis*, required to obtain their requested stay, with the first, third, fourth and fifth factors mentioned above tilting the balance in favor of denial.

### 1.  *Extent of overlap of issues and parties between the* SuperMedia *action and the* Murphy *action*

The plaintiffs argue that the parties in this and the *Murphy* action do not overlap enough to warrant a stay, because there are over 900 retiree defendants in the *SuperMedia* class, along with two local unions, who are not involved in the *Murphy*

---

[3]        These factors were outlined in a case where the question was when a civil action should be stayed pending criminal proceedings, but they are relevant to the question of parallel civil proceedings as well.

litigation.  *See* Plaintiffs' Response to Defendants Palmer, Noe, Foy, and Russo's

Emergency Motion to Stay or Suspend Case and Brief in Support ("Response") at 6

(docket entry 30).  The plaintiffs also contend that the issues in the two cases are not

similar enough to warrant a stay.  *Id*. at 5-6.  In the *Murphy* action, the primary

question is whether a (past) transfer of retirees from one pension plan to another

constituted a breach of fiduciary duty.  *Id*. at 5.  In this *SuperMedia* action, the

question is whether the administrator of a benefits plan is permitted to make (future)

changes to health and welfare benefits for retiree beneficiaries.  *Id*.  The question of

changes in (or denials of) pension benefits under ERISA can be resolved differently

than the question of changes in (or denials of) health and welfare benefits.  See, *e.g.*,

*Curtiss-Wright Corporation v. Schoonejongen*, 514 U.S. 73, 78 (1995).  The court thus

concludes that the overlap of issues and parties between the two cases is not extensive

enough, by itself, to warrant a stay.

The defendants point to this court's observation in its order consolidating the

cases (and its subsequent order vacating the consolidation) that a "common nucleus

of facts" appears to give rise to both actions.  *See* Motion ¶ 7.  The court is not

convinced, however, that the consolidation analysis and the stay analysis are the

same.  For purposes of this motion, the defendants have not demonstrated sufficient

similarity of issues and parties to tip the scale in favor of granting a stay.

2.  *The status of the first case*

The *Murphy* action is at a very different procedural stage than the *SuperMedia*

action.  *See* Order of August 3, 2012 at 2.  In the *Murphy* action, summary judgment

motions are pending.  In this *SuperMedia* action, by contrast, the parties have not

finished fully briefing the various motions to dismiss.  Normally, as a matter of

judicial economy (and consistency), where two pending cases involve the same parties

and issues, the advanced stage of the first case would warrant a stay in the second

case.  Here, however, even if the *Murphy* case were resolved in the manner defendants

suggest it might be,[4] *see* Motion at 2, there would still be approximately 900

defendants in the *SuperMedia* action whose rights would not yet be determined.  *See*

Response at 6-7.  This is not the normal case where the same parties and issues are

involved.  The second factor therefore does not weigh in favor of granting the

defendants' motion.  If anything, it weighs against granting the motion because of the

interests of the hundreds of defendants who would be left in limbo awaiting the

outcome of another case (the *Murphy* action) that has no relevance to them.

3.  *The interest of SuperMedia and its employees*
*in proceeding expeditiously*

SuperMedia has demonstrated that there is a "fair possibility" that a stay will

cause harm to parties other than the defendants, including itself.  *See* Response at 9-

---

[4]      The court wishes to make clear that it offers here no preview of its
summary judgment rulings in the *Murphy* action.

10.  The proposed amendments to SuperMedia's health and welfare benefits plans for retirees are substantial and time-sensitive, and the sooner both the company and its employees gain certainty about their potential effect, the better able they will be to plan for them.  *Id*.  The defendants reply that this argument is specious, since SuperMedia is not facing an injunction that would prevent it from pursuing plan amendments.  *See* Reply in Support of Emergency Motion to Stay or Suspend Case ("Reply") at 4-5 (docket entry 38).  The value to SuperMedia of certainty is apparently great enough to warrant litigating a declaratory judgment action.  This court therefore finds that a delay would work harm to both SuperMedia and its employees.  Given that there is such harm, the defendants must show a "clear case of hardship or inequity" in order to obtain their requested stay.  See *Wedgeworth*, 706 F.2d at 545 (quoting *Landis*).

### 4.  *The burden on the* SuperMedia *defendants*

The only clear burden the defendants identify in their motion is the burden of continuing to litigate while they also await a ruling on the *Murphy* summary judgment motions.  *See* Motion ¶¶ 9, 12.  While the court is cognizant of the time and expense involved in defending a lawsuit, it is not convinced that the defendants have been "hauled into" this court, Motion ¶ 9, given that some of these same defendants instituted the *Murphy* action here several years ago.  *See id.* at 5.  The defendants have not, in the court's opinion, demonstrated a sufficient burden to meet the "clear case

- 7 -

of hardship or inequity" standard required to obtain the stay they seek.  *Wedgeworth*, 706 F.2d at 545 (quoting *Landis*).

III.  <u>CONCLUSION</u>

For the reasons stated above, the defendants' emergency motion to stay or suspend proceedings is **DENIED**.

**SO ORDERED**.

November 2, 2012.

A. JOE FISH
**Senior United States District Judge**
